RALF C. PATTON, PETTIONER-PROSECUTOR, v. AMERICAN
OIL COMPANY, DEFENDANT-RESPONDENT.

Argued January 20, 1937—Decided July 22, 1937.

Before Justices LLOYD, CASE and DONGES.

For the prosecutor, *Samuel P. Orlando*.

For the respondent, *Cecil W. Rotzell*.

PER CURIAM.

This is a writ of *cerliorari* to review a judgment of the
Burlington County Court of Common Pleas affirming a deter-
mination of the workmen's compensation bureau dismissing
prosecutor's petition for compensation. Prosecutor sought
compensation for injuries received as the result of being
struck by a railroad train while in his automobile in and
about his employer's business, he alleged on the night of
February 17th, 1933. The defense was that the accident did
not arise out of and in the course of his employment and
further that it was the proximate result of prosecutor's intoxi-
cated condition on the night in question.

The compensation bureau first dismissed the petition on
the ground that the intoxication had been proved, but without
out making a specific finding that the intoxication was the
proximate and natural cause of the injury. The Common
Pleas affirmed this determination, and a writ of *cerliorari*
resulted in a judgment of the Supreme Court remanding the
case to the bureau for the making of a specific determination
on the defense of intoxication as the proximate cause of the
accident. 13 *N. J. Mis. R.* 825; 181 *Atl. Rep.* 651. This

judgment was affirmed by the Court of Errors and Appeals, 116 *N. J. L.* 382; 185 *Atl. Rep.* 351.

When the case was returned to the bureau, the deputy commissioner found "that intoxication was the natural and proximate cause of the petitioner's injury, and that the testimony of witnesses produced in the case sufficiently proves that fact." This determination was affirmed by the Common Pleas and the judgment of that court is now here for review.

It is urged now that the respondent did not sustain the burden of proving the defense of intoxication by the weight of the evidence. This contention requires a review of the testimony.

Prosecutor, who was the only witness in his own behalf, testified that on the night in question he was working later than usual and that while driving westwardly on Marne highway from Mt. Holly toward Moorestown, he desired to turn off this highway to inspect a sand pit location which a customer or prospective customer was considering using and where he was considering the installation of a gasoline pump. Such a task would be in and about his employment in the business of promoting the sale of gasoline and oil products of the defendant. It had been snowing and there were two or more inches of snow on the ground. He said that he turned left off the highway, crossed the single-line tracks of the railroad and entered the site of the sand pit. He turned his car around and started to re-cross the railroad tracks, and while on the crossing he was struck by the railroad locomotive traveling in an easterly direction. He admitted having had one drink of whiskey shortly before.

The respondent produced several apparently disinterested witnesses who testified to an entirely different location of the point of collision between train and automobile. Their testimony was to the effect that the tracks of prosecutor's automobile in the snow indicated he was going westwardly on the highway, turned left to the side road, and then, when he was on the crossing, instead of proceeding straight across to the sand pit, again turned left in an easterly direction along the railroad right of way, with his car astride the south rail of the railroad tracks, for a distance of about one hundred and

fifty feet. For this distance of one hundred and fifty feet there was no disturbance of the snow other than the marks of the automobile tires, but from that point on the snow was disturbed and torn up for a space up to the place where the automobile was thrown clear of the tracks. The condition of the automobile was such as to indicate that it had been struck in the rear on the left part, and not on the side as would be likely if the collision occurred as testified by the prosecutor. Railroad employes on the train testified that the impact occurred well past the crossing.

From this evidence we are constrained to find that the prosecutor's version of the happening of the accident is not the true one, and that the point of collision was well away from the crossing, down the railroad tracks. We have then a situation where the prosecutor drove his car over the rough ties and roadbed for a distance of one hundred and fifty feet approximately, for which conduct he offers no explanation; in fact he denies it in the face of a plenitude of evidence. Driving a car into such a situation is not the conduct of a person in his ordinary senses, and in the absence of any reasonable explanation leads to the conclusion that the driver was not in possession of all his faculties.

Coupled with this is the testimony of several witnesses that his breath smelled of alcoholic beverages, and the testimony of the doctor who treated prosecutor upon his arrival at the hospital. The doctor said that prosecutor was in a state of disorientation. He said that this condition was in his opinion contributed to both by shock and by alcohol. Because he was unable to judge the relative contribution of these two elements, he did not feel able to say whether or not prosecutor was intoxicated. He testified that prosecutor admitted he had been drinking but said he did not know how much.

On the basis of this evidence, two independent tribunals have reached the conclusion that the defense of intoxication has been established. We not only are unable to say that this finding is not justified by the evidence, but conclude that it is supported by the greater weight of the evidence as well as by the probabilities. Therefore, the writ of *certiorari* must be dismissed, with costs.